# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV105   ACL |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. On November 3, 2014, plaintiff was ordered to file an amended complaint within thirty days, in accordance with the specific instructions set forth in the Order [Doc. #5]. In addition, the Court took judicial notice of an earlier, "nearly identical," lawsuit plaintiff had brought, *see Williams v. Lombardi*, No. 1:13-CV-50-LMB (E.D. Mo.), and warned plaintiff that his failure to comply with the Order would result in the dismissal of this action, without prejudice and without further notice to him. Plaintiff filed motions for reconsideration and for an extension of time to file an amended complaint. On November 20, 2014, this Court denied plaintiff's motion for reconsideration and granted him additional time, to January 5, 2015, to file the amended complaint [Doc. #8]. In so doing, the Court noted, "Thus, with his filing of essentially the same complaint in this action, and the instant motions for reconsideration and extension to

file an amended complaint, plaintiff is tracking the course of Case 1:13CV050LMB."

Although plaintiff filed an amended complaint on January 5, 2015 [Doc. #9], he has failed to comply with this Court's specific instructions, as set forth in the November 3, 2014 Memorandum and Order, and his time for doing so has now expired. More specifically, the Court explained, in detail, the proper standard for joining multiple defendants and multiple claims in a single action, as well as the rules governing pleading. In addition, the Court stated, "Based on the applicable legal standard, the Court again rejects the notion that all of the allegations in plaintiff's complaint arise from the same occurrence."

Nevertheless, in his twenty-six-page amended complaint, plaintiff again names as defendants George Lombardi, Ian Wallace, Omen Clark, Richard Gaines, Alex Clinton, Gregory Howard, Robert Strickland, Nathaniel Thomas, Paula Phillips, Jessie Palmer, Jewelline Krammer, Michael Hakala, Corizon and/or Correctional Medical Services, Jim Wells, Mr. Pig, and "Unknown-One." Moreover, plaintiff again asserts many of the same unrelated claims that were advanced in his original complaint. For example, plaintiff alleges that almost five years ago, on June 4, 2010, while being transported from a Medical Center in Jefferson City, Missouri, he experienced an adverse reaction to a prescribed

medication but was falsely charged with "attempted escape" and was placed in administrative segregation for a total of 431 days, where he was "vulnerable and anonymous and [his] constitutional rights, including Americans with Disabilities Act, due process, access to the court were viciously violated." Plaintiff again claims that the transportation unit failed to follow policy and procedure, which placed him in a dangerous situation. In addition, plaintiff asserts numerous instances over the course of the next five years of defendants denying him proper medical treatment, interfering with his legal and non-legal mail, failing to follow prison rules and regulations, retaliating against him for filing grievances, conspiring against him, interfering with the filing of lawsuits, using "subversive tactics of manipulating policy and procedure on and prior to October 2, 2012," and exposing him to "deliberate indifference, sanitary violations, deprivation of ad-seg property and ADA violations." Last, plaintiff again includes allegations against members of the Missouri Board of Probation and Parole for failing to grant him parole on several occasions. Plaintiff requests declaratory, injunctive, and monetary relief. He asks the Court to remove conduct violations from his file and to prohibit defendants "from permitting any such reports to be placed in [his] files at any future time." After this is done, he asks that the Missouri Board of Probation and Parole "decide whether [he] should be released on parole."

In its Memorandum and Order of November 3, 2014 [Doc. #5], this Court summarized plaintiff's allegations, as set forth in the original complaint, and specifically advised plaintiff that "[t]he separate claims bear little or no relationship to each other, despite plaintiff's repeated assertion that his allegations arise out of one occurrence that took place on June 4, 2010." The Court further informed plaintiff that it "again rejects the notion that all of the allegations in plaintiff's complaint arise from the same occurrence." Noting that plaintiff "previously filed a nearly identical complaint in Case 1:13CV050LMB on March 19, 2013," despite having been informed of the proper standard for joining multiple defendants and claims in a single action [Doc. #5], this Court allowed plaintiff the opportunity to file an amended complaint and reminded him that he must comply with the Federal Rules of Civil Procedure, notably Rules 8, 10, 18, and 20, as well as the Court's Local Rules. Plaintiff was provided with five additional blank form complaints so he could file separate actions relating to any defendants he wished to sue, in order to comply with the federal joinder rules; however, he opted to file the amended complaint now before the Court.

After comprehensively reviewing the amended complaint, the Court finds that it is not in compliance with the Court's instructions, and therefore, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In

litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Judicial resources cannot continue to be expended in a case where a plaintiff disregards the Court's repeated instructions on how to properly amend his complaint and argues with the Court's findings that his pleadings are not in conformance with the federal joinder and pleading rules.

Therefore,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, for plaintiff's failure to comply with this Court's Order of November 3 2014. *See* Fed. R. Civ. P. 41(b).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated this 10th day of February, 2015

                                        */s/ Henry Edward Autrey*
                                    HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE